UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD WEST, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV1902 JCH |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Ford Motor Company's Motion to Dismiss and, Alternatively, for an Award of Attorney's Fees and Costs ("Motion to Dismiss"), filed June 10, 2009. (Doc. No. 13). The matter is fully briefed and ready for disposition.

## **BACKGROUND**

Plaintiff Reginald West is an African-American male, who was employed by Defendant from 1997 through approximately 2007. (Complaint for Race-Based Employment Discrimination ("Complaint" or "Compl."), ¶¶ 2, 4, 17). On September 28, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Defendant's Motion to Dismiss, Exh. D). In his Charge, Plaintiff stated that he was discriminated against by his employer, Ford Motor Company, on the bases of race, disability, and retaliation. (Id.). When asked to describe the allegedly discriminatory acts, Plaintiff stated as follows:

> I.  I was employed on June 25, 1997, as an Assembler. I participated in a EEO lawsuit and I have filed two prior charges of employment discrimination against the company. I was denied a transfer from the St. Louis Assembly Plant to the Kansas City Assembly Plant.
>
> II. I was granted a transfer and the transfer was subsequently rescinded. Thereafter, a decision was made by the company to schedule[] me to take a medical examination, to evaluate the status of my occupational restrictions

> before the transfer could be completed. After the medical evaluation, I received a letter from the company dated, September 18, 2006, stating that I was denied a transfer based upon the company's decision that I was unable to perform requisite skills and ability to perform entry-level assembly tasks.
>
> III. I believe that I was denied a transfer because of my disability in violation of the Americans with Disabilities Act and in retaliation for participating [in] an EEO lawsuit and filing two previous charges of employment discrimination in violation of the Title VII of the Civil Rights Act of 1964, as amended.

(Id.). Plaintiff received a Notice of Right to Sue Letter from the EEOC dated May 17, 2007. (Defendant's Motion to Dismiss, Exh. E).

Plaintiff originally brought suit against Defendant on August 15, 2007. (Cause No. 4:07CV1450 JCH ("*West I*"), Doc. No. 1). In his Complaint in *West I*, Plaintiff asserted Defendant's actions violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Id., ¶ 1). Specifically, Plaintiff alleged Defendant engaged in race, gender and religious discrimination, when it (a) failed to transfer Plaintiff, (b) failed adequately to investigate complaints made by Plaintiff, and (c) failed to provide a work environment for Plaintiff that was not hostile. (Id., ¶5).

In an Order entered December 10, 2007, this Court dismissed Plaintiff's gender and religious discrimination claims in *West I*, on the basis that Plaintiff had failed to exhaust his administrative remedies because he failed to claim gender and religious discrimination within his Charge of Discrimination before the EEOC. (*West I*, Doc. No. 14, P. 4). The Court further dismissed portions of Plaintiff's race discrimination claim, allowing only Plaintiff's claim that he allegedly was denied a transfer on the basis of race to proceed. (Id., P. 4 n. 3).

On July 18, 2008, Defendant filed a Motion for Summary Judgment in *West I*. (*West I*, Doc. No. 16). Rather than respond to Defendant's Motion for Summary Judgment, Plaintiff moved to dismiss his case without prejudice. (*West I*, Doc. No. 22). The Court granted Plaintiff's motion on

August 29, 2008, over Defendant's objection. (*West I*, Doc. Nos. 23, 24). An Order of Dismissal without prejudice was entered on September 2, 2008. (*West I*, Doc. No. 25).

Plaintiff filed his Complaint in the instant matter on December 9, 2008. (Doc. No. 1). Plaintiff again alleges his Complaint is brought pursuant to Title VII. (Compl., ¶ 1). In Count I, Plaintiff alleges Defendant engaged in race discrimination when it (a) failed to transfer Plaintiff, (b) failed adequately to investigate complaints made by Plaintiff, and (c) failed to provide a work environment for Plaintiff that was not hostile. (Id., ¶5). In Count II, Plaintiff alleges Defendant unlawfully discriminated against him in retaliation for his participating in complaints relating to an apparent attack upon his wife, and for his filing of previous complaints relating to discrimination against him. (Id., ¶¶ 10-12). In Count III, Plaintiff alleges Defendant constructively discharged him in an effort to avoid granting him life-long benefits. (Id., ¶¶ 16-20).

As stated above, Defendant filed the instant Motion to Dismiss on June 10, 2009, asserting Plaintiff's Complaint must be dismissed because: (1) Plaintiff failed to serve the Complaint on Defendant within 120 days; (2) all claims asserted in the Complaint are untimely; (3) certain claims presented in Count I are barred by res judicata; and (4) certain claims presented in Count II are barred because Plaintiff failed to exhaust his administrative remedies. (Doc. No. 13). In the event its Motion to Dismiss is denied in whole or in part, Defendant alternatively requests that it be granted an award of the attorney's fees and costs incurred by Defendant in defending Plaintiff's previously dismissed suit. (Id.).

## DISCUSSION

In its Motion to Dismiss, Defendant maintains Plaintiff's Title VII claims are barred by the applicable statute of limitations. (Defendant's Memorandum in Support of Motion to Dismiss, PP. 5-6). A plaintiff alleging claims under Title VII must file his complaint within 90 days of receiving

notice of the right to sue. Dunham v. City of O'Fallon, Mo., 945 F.Supp. 1256, 1260 (E.D. Mo. 1996), citing 42 U.S.C. § 2000e-5(f)(1). Plaintiff was warned of this mandate in the right-to-sue letter issued by the EEOC. (Defendant's Motion to Dismiss, Exh. E).

In the instant case, it is undisputed that the right to sue letter was dated May 17, 2007. (Defendant's Motion to Dismiss, Exh. E). As stated above, Plaintiff initially filed suit against Defendant on August 15, 2007, within 90 days of receipt of the right to sue letter. (*West I*, Doc. No. 1). Plaintiff voluntarily dismissed the action without prejudice, however, on September 2, 2008. (*West I*, Doc. Nos. 22, 24, 25). Plaintiff then re-filed the action on December 9, 2008, well after the 90-day period had elapsed. (Complaint, Doc. No. 1).

"At the outset, the Court observes that a dismissal without prejudice does not toll the statute of limitations on [] a federal employment discrimination claim." Dunham, 945 F.Supp. at 1260, citing Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir.), cert. denied, 516 U.S. 944, 116 S.Ct. 380, 133 L.Ed.2d 303 (1995). "Once a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had been filed." Id. (internal quotations and citation omitted). Thus, unless Plaintiff can establish some basis for tolling the statute of limitations, his discrimination claims are time-barred. Id.

In his response to Defendant's Motion to Dismiss, Plaintiff states as follows:

> The Defendant asks that this matter be dismissed in part, due to timing issues. The original suit was filed timely, a non-suit was taken and the matter refiled and served. The Dismissal without prejudice was done with all parties understanding the Plaintiff's intent to re-file.

(Plaintiff's Response to Defendant's Motion to Dismiss, ¶ 2). Upon consideration, the Court finds that with this assertion, Plaintiff fails to demonstrate the doctrines of equitable estoppel, equitable tolling, and/or waiver act to preserve his claims.

First, under Eighth Circuit law, "[t]he statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in a timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Garfield, 57 F.3d at 666 (internal quotations and citations omitted). "The defendant[] must have taken some affirmative steps to prevent plaintiff[] from suing within the limitations period for equitable estoppel to apply." Dunham, 945 F.Supp. at 1261 (citation omitted).

In the instant case, Plaintiff apparently maintains equitable estoppel applies to toll the limitations period because Defendant knew Plaintiff intended to refile his claims. (Plaintiff's Response, ¶ 2). The Eighth Circuit rejected this argument in Garfield, however, "concluding that defendants' acts did not amount to affirmative steps that were designed to or were likely to mislead the plaintiffs." Dunham, 945 F.Supp. at 1261-62, citing Garfield, 57 F.3d at 666. Plaintiff's argument similarly is unavailing here; in other words, the Court finds no basis for applying the doctrine of equitable estoppel to toll the statute of limitations. Id. at 1262.

With respect to equitable tolling, that doctrine, "'is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim.'" Dunham, 945 F.Supp. at 1262, quoting Dring v. McDonnell Douglas Corp, 58 F.3d 1323, 1328 (8th Cir. 1995) (citation omitted). The record here reveals Plaintiff possessed all the information necessary to file his discrimination claims before the limitations period expired, and in fact initially filed suit within the limitations period. Id. Thus, it was Plaintiff's decision to dismiss the initial action without prejudice and later refile, rather than any inability on his part "to obtain vital information bearing on the existence of his claim," that caused the instant time problem. Id. See also Patterson v. Dierberg's Markets, Inc., 2009 WL 690234 at *3 n. 8 (E.D. Mo. Mar. 10, 2009) (internal quotations and citation

omitted) ("Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff.").

Finally, with respect to waiver, the Court notes, "[t]here is an implied waiver of a defense only when a party's conduct is so inconsistent with and indicative of an intention to relinquish the defense and so clear and unequivocal that no other reasonable explanation for the conduct is possible." Dunham, 945 F.Supp. at 1262 (citation omitted). In Garfield, the Eighth Circuit held the defendants' agreement to allow the plaintiffs to dismiss their complaint without prejudice did not constitute a waiver of their right to assert a statute of limitations defense when the plaintiffs refiled. Garfield, 57 F.3d at 667. This Court is bound to reach the same conclusion here, especially in light of the fact that rather than acquiesce in Plaintiff's voluntary dismissal of his earlier suit, Defendant vigorously opposed same. (*West I*, Doc. No. 23). Thus, Plaintiff's Title VII claims are untimely and will be dismissed.[1] Patterson, 2009 WL 690234 at *3.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ford Motor Company's Motion to Dismiss (Doc. No. 13) is **GRANTED**, and Plaintiff's Complaint for Race-Based Employment Discrimination (Doc. No. 1) is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

---

[1] In light of the Court's above ruling, it need not address the other arguments advanced by Defendant in its Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendant Ford Motor Company's Motion for an Award of Attorney's Fees and Costs (Doc. No. 13) is **DENIED**.

Dated this 6th day of August, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE